IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KEVIN LEE CALDWELL; <br> LARRY MICHAEL HOOK; <br> and AJUA YVETTE MASON, <br> <br> Plaintiffs, <br> <br> v. <br> <br> DUNCANVILLE TEXAS POLICE DEPARTMENT; SERGEANT D. YOUNTS; OFFICER PINEDA; OFFICER RAWLS; DUNCANVILLE TEXAS DEPARTMENT OF COMMUNITY SERVICE CODE ENFORCEMENT DEPARTMENT; OFFICER JOSE LANAS; SURETY BOND OF SERGEANT D. YOUNTS; SURETY BOND OF OFFICER PINEDA; and SURETY BOND OF OFFICER RAWLS, <br> <br> Defendants. | § § § § § § § § § § § § § § § § § § § § § § § <br><br> Civil Action No. **3:23-CV-2198-L** |

## **ORDER**

Before the court are Defendants' Defendants' City of Duncanville's, Officer Younts' & Officer Pineda's Motion & Brief to Dismiss and to Stay Discovery ("Motion") (Doc. 12), filed January 22, 2024; Plaintiffs' Motion for Extension of Time to Respond to Defendants' Motion (Doc. 16), filed February 5, 2024; the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 19), filed April 22, 2024, regarding Defendants' Motion; Plaintiffs' [First] Motion for Leave to Amend Complaint ("First Motion for Leave") (Doc. 22), filed June 4, 2024; Plaintiffs' [Second] Motion for Leave to Amend Complaint ("Second Motion for Leave") (Doc. 23), filed June 5, 2024; Plaintiffs' Objections to the Report (Doc. 24), filed June 5, 2024; Defendants' Response to Plaintiffs' Objections (Doc. 25), filed

June 20, 2024; and Defendants' Response Opposing Plaintiffs' Motion for Leave (Doc. 26), filed June 24, 2024.

For the reasons herein explained, the court **denies as moot** Plaintiffs' Extension of Time to Respond to Defendants' Motion (Doc. 16); **accepts** the Report in part and **rejects** it in part (Doc. 19); **overrules** Plaintiffs' objections (Doc. 24); **grants** Defendants' Motion (Doc. 12); **denies as moot** Plaintiffs' First Motion for Leave (Doc. 22); and **denies as moot** Plaintiffs' Second Motion for Leave (Doc. 23). The court **accepts** the Report insofar as it relates to the factual and legal analysis regarding Plaintiffs' claims. The court, however, **rejects** the Report insofar as it recommends that the case be dismissed with prejudice and Plaintiffs be denied leave to amend.

On December 23, 2024, the court held a telephonic hearing with counsel for both parties to discuss Plaintiffs' First and Second Motion for Leave, their proposed Complaint, and their Amended Complaint ("Amended Complaint") (Doc. 3), which is the operative pleading. During this hearing, the court expressed its concerns regarding the sufficiency of the allegations in Plaintiffs' Motions for Leave and proposed Amended Complaints. As stated during the hearing, the court agrees with the magistrate judge's findings and conclusions in the Report; however, for the reasons stated during the hearing, the court determines that Plaintiffs should be allowed to amend their pleadings. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 329 (5th Cir. 2002) (holding that district courts should allow plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, "unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."). The court determines that Plaintiffs could amend to state a valid claim. Although, Plaintiffs have sought to leave to amend their Complaints twice, none of the

Order – Page 2

attempts was the result of a court order. In this case, the court informs the Plaintiffs of their deficiencies and how to correct them, if possible. The court also makes it clear to the Plaintiffs that it will now allow further amendments if the amended pleadings fail to state a claim upon which relief may be granted with respect to each claim.

Accordingly, having considered the Motions, pleadings, the file, record, and Report, and having conducted a de novo review of that portion of the Report to which objection was made, the court determines that the findings and conclusions of the magistrate judge are correct, and the court **accepts** the Report **in part** and **rejects** it **in part.** The court **accepts** the Report insofar as it relates to the factual and legal analysis regarding Plaintiffs claims. The court **rejects** the Report insofar as it recommends that the case be dismissed with prejudice and Plaintiffs be denied leave to amend. The court, therefore, **grants** Defendants' Motion (Doc. 12); **overrules** Plaintiffs' objections (Doc. 24); **grants** Defendants' Motion (Doc. 12); **denies as moot** Plaintiffs' [First] Motion for Leave to Amend Complaint (Doc. 22); **denies as moot** Plaintiffs' ) [Second] Motion for Leave to Amend Complaint (Doc. 23); and **dismisses without prejudice** Plaintiffs' claims.

Further, the court **directs** Plaintiffs to amend and file their pleadings to correct the deficiencies identified by the court during the hearing by **5:00 p.m.** on **January 10, 2025**. Failure to do so will result in dismissal with prejudice pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Specifically, Plaintiffs are to state in the amended pleading the capacity in which any individual Defendant is sued (personal or official); include specific facts that support their argument that none of the Individual Defendants is entitled to qualified immunity and the basis therefor; include a copy of the City of Duncanville's (the "City") ordinance that forms the basis of their amended pleading; include nonconclusory allegations as to how Plaintiffs were injured as a result of a policy or custom of the City; delete

any reference to or claim relating to the "Bond Defendants" of any Individual Defendant; and delete any reference to any department or office of the City.

Finally, the court **stays** all discovery against all Individual Defendants and the City until it rules on the issue of qualified immunity.

**It is so ordered** this 23rd day of December, 2024.

                                                   Sam A. Lindsay
                                                   United States District Judge